IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Collin Parker,<br><br>        Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.,<br><br><br>        Defendant(s). | Civil Action No: 4:19-cv-2104<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff COLLIN PARKER ("Plaintiff"), by and through his attorneys, SHAWN JAFFER LAW FIRM PLLC, for his complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

### PREMLIMINARY STATEMENT

1.      This is an action for statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

### PARTIES

4.      Plaintiff is a natural person residing at 16131 Timber Valley Dr, Houston, TX 77070.

5.      Plaintiff is allegedly obligated to pay a debt to Defendant.

6. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

7. Defendant is a company that is organized under the laws of the Kansas.

8. Defendant is a collection agency headquartered in San Diego, CA.

9. Defendant regularly collects debts from consumers in the State of Texas.

10. The "Current Creditor" is Midland Funding, LLC.

11. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the Current Creditor.

12. The Consumer Debt is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

13. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

15. Defendant is a "debt collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

## FACTUAL ALLEGATIONS
*Violation – Collection Letter*

16. On or about May 10, 2019 Plaintiff received a letter from Midland Credit Management regarding a dispute made by the Plaintiff.

17. The alleged debt at issue is for CapitalOne Bank USA N.A. credit card, with an account number 5178059457340405, reporting a balance of $460.53.

18. The last payment made, at a date better known to Defendant, was on or about June 13, 2013.

19. The Defendant's Letter read "The law limits how long you can be sued on a debt. Because of the age of your debt, we **will not** sue you for it." A copy is attached hereto as "Exhibit A".

20. The Defendant's letter makes an unsophisticated consumer believe that Defendant will not sue if payment is made but this false and deceptive because Defendant cannot sue.

21. In the letter the Defendant did not inform the Plaintiff that the debt was outside the statute of limitations and a promise to repay the debt could revive the statute of limitations.

22. In the letter the Defendant did not inform the Plaintiff that the Defendant **"cannot sue"** the Plaintiff for the debt.

23. Therefore, the Defendant falsely represented the legal status of the alleged debt.

24. Plaintiff has suffered an informational injury from Defendant's actions.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & 1692f *et seq.*

25. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

26. Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

27. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(1) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

(2) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

28. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29. Defendant violated 15 U.S.C. §1692e, e(2), e(10) and §1692f when Defendant attempted to collect a debt without disclosing that the alleged debt was outside the statute of limitations and failing to inform Plaintiff of the consequences of making a partial payment, or promise to repay to the alleged debt.

30. The Fifth Circuit has held lack of disclosures and inadequate disclosures to be misleading:

> *The Fifth Circuit finds that failing to disclose that a debt cannot be enforced because it is outside the statute of limitations is a violation of the FDCPA. Id. at 512 (citing Buchanan, 776 F.3d at 399). The court reasons that if there is no disclosure, the least sophisticated consumer could be misled as to the legal status of their debt. Id. Moreover, the court in McMahon and the Fifth Circuit also interpret the FDCPA to prohibit disclosures that do not clearly indicate that the collector __cannot sue__. The court in McMahon explains, "[i]f a debt collector stated that it could sue on a timebarred debt but was promising to forebear, that statement would be a false representation about the legal status of the debt."[5] McMahon, 744 F.3d at 1021 (emphasis in original).*

*Baye v. Midland Credit Management, Inc., 272 F.Supp.3d 898, (2017)*

31. For these reasons, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2) Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

DATED: June 11, 2019          Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*          .
Shawn Jaffer – Attorney in Charge
TX Bar No.: 24107817
SDTX Bar No.: 3269218
9300 John Hickman Pkwy, Suite 1204
Frisco, TX 75035
Phone: (214) 210-0730
Fax:    (214) 594-6100
Email: Shawn@jafflaw.com
***Attorney for Plaintiff Collin Parker***